**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Allen Walters, | No. CV-19-00254-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Nicholas Bizov, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Jeffrey Walters's ("Plaintiff") motion to remand to state court. (Doc. 11.) The motion is fully briefed and neither party has requested oral argument. As explained below, the motion will be denied.

**BACKGROUND**

On December 10, 2018, Plaintiff sued Nicholas Bizov ("Defendant") in Maricopa County Superior Court. (Doc. 1-1.) In a nutshell, the complaint alleges that Plaintiff sustained injuries in a car accident that was caused by Defendant's negligence. (*Id.*)

On January 15, 2019, Defendant removed the case to federal court. (Doc. 1.) Defendant's removal notice stated that removal was appropriate because the parties are diverse—specifically, "Plaintiff . . . is a resident and citizen of the State of Arizona" while "Defendant . . . is a citizen of the State of Nevada"—and the amount in controversy exceeds $75,000. (*Id.* at 1-2.)

On January 29, 2019, Plaintiff filed a motion to remand the case to state court. (Doc. 11.) Included as attachments to the motion are a police report and an affidavit from a

1  process server. (Docs. 11-2, 11-3.) According to Plaintiff, these materials show that "the defendant attends ASU [Arizona State University], has rented an apartment in Arizona, resides in Arizona, was personally served in Arizona, and appears to be remaining in Arizona for an indefinite period of time. As such, the defendant should be considered as a resident of the State of Arizona and diversity of jurisdiction does not exist." (Doc. 11 at 2-3.)

On February 11, 2019, Defendant filed a response to the motion to remand. (Doc. 15.) Defendant argues that Plaintiff's motion is "defective on its face" because "the determining factor is diversity of Citizenship and not mere dual residence." (*Id.* at 1.) Defendant acknowledges he currently resides in Arizona, so he can attend ASU, but argues he should nevertheless be considered a citizen of Nevada. (*Id.* at 2-3.) In support of this claim, Defendant has submitted (1) a copy of his driver's license, which was issued by the state of Nevada (*Id.* at 10), and (2) an affidavit in which Defendant avers that he maintains a permanent residence in Nevada, owns property located in Nevada, is registered to vote in Nevada, has a bank account in Nevada, maintains his vehicle registration in Nevada, and files his tax returns as a Nevada citizen. (*Id.* at 12-13.) Additionally, Defendant states in the affidavit that "[a]t the time this lawsuit was filed, and at all times on and after the day of the accident up to the present, I intended for Nevada to be my permanent home, to which I intended and intend to return after I complete my higher education in Arizona. . . . I intended for Arizona to be a temporary residence . . . ." (*Id.* at 13.)

Plaintiff declined to file a reply.

**ANALYSIS**

The motion to remand will be denied. Plaintiff claims that Defendant is a citizen of Arizona, basing his argument largely on Defendant's residency in Arizona. "But the diversity jurisdiction statute . . . speaks of citizenship, not of residency. . . . [A] natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265

1  F.3d 853, 857 (9th Cir. 2001). *See also Wheels of Justice, LLC v. Title Guaranty Escrow Servs., Inc.*, 2009 WL 10676993, *3 (D. Haw. 2009) ("Plaintiff's argument fails to recognize that residency is not synonymous with domicile and citizenship.").

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). There is also, however, "a presumption in favor of an established domicile as against a newly acquired one." *Lew*, 797 F.2d at 751.

The Ninth Circuit has identified a variety of factors that courts should consider when determining which state should be considered an individual's domicile, "including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. Here, these factors overwhelmingly support the conclusion that, although Defendant may be temporarily residing in Arizona to attend college, he is domiciled in (and is therefore a citizen of) the state of Nevada. Defendant maintains a Nevada driver's license and swore in his affidavit that at the time this lawsuit commenced, he owned personal property in Nevada, was registered to vote in Nevada, maintained a bank account in Nevada, maintained the registration for his motor vehicle in Nevada, and filed tax returns in Nevada. Moreover, he swore that, at all relevant times, he intended for Arizona to be a temporary residence. Although self-serving assertions of intent are afforded little weight when they conflict with the evidence, *Lew,* 797 F.2d at 750, they may merit weight when they accord with the evidence. *See, e.g., Johnston v. Cordell Nat. Bank*, 421 F.2d 1310, 1311-12 (10th Cir. 1970); *McBride v. Karumanchi*, 2015 WL 4132974, *3 (M.D. Ala. 2015); *Gordon v. Steele*,

376 F. Supp. 575, 577-78 (W.D. Pa. 1974).

Plaintiff, on the other hand, points to no facts to support his assertion that Defendant "has manifested an intent to remain in the State of Arizona," aside from the fact that Defendant apparently spent at least part of his winter break in Arizona. (Doc. 11 at 2.) That is scant evidence indeed. The only reasonable conclusion, in light of the evidence presented, is that Defendant is a citizen of Nevada.

Accordingly, **IT IS ORDERED** denying Plaintiff's motion to remand to state court. (Doc. 11.)

Dated this 8th day of March, 2019.

Dominic W. Lanza
United States District Judge